People ex rel. City of Springfield *v.* Power, County Judge, etc.

THE PEOPLE *ex relatione* THE CITY OF SPRINGFIELD, *v.* WILLIAM D. POWER, County Judge, etc.

The twelfth section of the "Act to amend the charter of the city of Springfield," approved February eighteenth, 1859, is constitutional.

THIS was an application for a mandamus. The following is the petition:

*To the honorable the Justices of the Supreme Court, at a term thereof, begun and holden at Springfield, on the Tuesday after the first Monday of January, in the year of our Lord eighteen hundred and sixty-one.*

Respectfully represents unto your honors, the city of Springfield, in the State of Illinois, that during the session of the General Assembly of Illinois, in eighteen hundred and fifty-nine, a law was passed by said General Assembly, entitled "An Act to amend the Charter of the City of Springfield," in which it was provided, among other things, that said act should take effect and be in force from and after its passage; and that the same was approved February 18th, 1859.

And your petitioner further represents, that the twelfth section of said act, above referred to, is in the following language, to wit:

" The County Court of Sangamon county shall cause an accurate account to be kept of all expenditures made for county purposes, and shall charge all expenditures made for county purposes, (excepting for the making and repairing of roads and highways, and the building and repairing of bridges,) in said county, without said city, rateably to said county and to the city of Springfield, in proportion to the taxes collected for the county purposes within said city, and in the county without said city, and paid into the county treasury by each respectively. And the surplus of all taxes which may be collected for county purposes, after making the charges to the city and county in the manner herein required, shall be divided between the said city and the said county, in proportion to the amount of taxes collected for county purposes, within said city, and in the county without said city, and paid into the county treasury by each respectively. And the county judge of said county, and the mayor of the city of Springfield, shall ascertain the proportion of taxes to be paid to the city of Springfield, under the requirements of this section, and so soon thereafter as the county taxes shall be paid into the county treasury, the treasurer of said county shall pay to the treasurer of the city of Springfield, a sum equal to three-fourths of the proportion of said taxes to which the said city may be entitled under the provisions of this section, and the same shall be exclusively expended by said city in improving and repairing the streets, alleys and highways, and in building and repairing of the bridges within the city." And your petitioner further represents that, during the spring and summer of the year A. D. 1858, a county tax was assessed upon all taxable property within the county of Sangamon, as well upon that within the city of Springfield as upon that without the city and within said county, and that the same was duly collected by the collector of said county, and was paid into the county treasury by him, between the first day of March and the first day of August, 1859; and that another tax was regularly assessed during the spring and summer of the following year, 1859, and was regularly collected by said collector, and paid into the county treasury between the first day of March and the first day of August, A. D. 1860; and that the County Court of Sangamon county, caused an accurate account to be kept of all expenditures made for county purposes during the years of 1859 and 1860, and charged the same to the county and city as required by said twelfth section above written.

And your petitioner further represents unto your honors, that the mayor of the city of Springfield has repeatedly requested William D. Power, who was and is county judge of Sangamon

county, with himself, said mayor, to ascertain the proportion of taxes to be paid to the city of Springfield under the requirements of said twelfth section above written; and the said William D. Power, judge as aforesaid, has wholly neglected and refused, with the mayor aforesaid, or with any other person, to ascertain the proportion of taxes to be paid to the city for either or any or all of the years since said amendment of the charter of the city of Springfield took effect, and has been in force since the passage of the same.

And your petitioner further represents, that the amount due to the city aforesaid, is a large sum, the precise amount your petitioner is not prepared to show, on account of the county judge's failure to ascertain the sum to be paid to said city ; and that said county treasurer, or any person on behalf of the county, has not paid all or any part of said sum into the city treasury, but to do the same has wholly neglected and refused, although often requested so to do.

Wherefore your petitioner prays your honors, to grant a writ of mandamus, under the seal of this court, directed to the said William D. Power, county judge of Sangamon county, as aforesaid, commanding him forthwith to ascertain, as required by said law, with the mayor aforesaid, the proportion of taxes to be paid to the city of Springfield, under the requirements of said section, above written, and to do and perform all such acts and things in the premises as the law requires, and for such other and further relief as to your honors may seem meet : your petitioner will ever pray, etc.

W. H. HERNDON, AND C. S. ZANE,
*Attorneys for the Relator.*

THE PEOPLE *ex rel.* CITY OF SPRINGFIELD, ⎱
*vs.* ⎰
WILLIAM D. POWER, COUNTY JUDGE, ETC. ⎰

In this cause the parties hereby agree, that the facts set forth in the foregoing petition are correctly stated therein, and that waiving all process, they do hereby submit to the consideration and decision of the court, the question of the constitutionality of the twelfth section of an act to amend the charter of the city of Springfield, set forth in the above petition, the same as if the said question was raised by formal pleadings upon an alternative writ of mandamus issued upon the said petition.

And it is further agreed, that if the court, on the hearing, shall decide that the said twelfth section is constitutional, and of binding validity upon the County Court of Sangamon county, the court shall award a peremptory writ of mandamus in the same manner as if an alternative writ of mandamus had issued

in the first instance, and also that the court may do and perform such acts and things in the premises as the law requires.

W. H. HERNDON, and C. S. ZANE, for the Plaintiff.

N. M. BROADWELL, for the Defendant.

BREESE, J.   The single question presented by this record, is the constitutionality of the 12th section of "An act to amend the charter of the city of Springfield," approved Feb. 18, 1859. (Laws of 1859, page 272.)   The section is as follows:

"The County Court of Sangamon county shall cause an accurate account to be kept of all expenditures made for county purposes, and shall charge all expenditures made for county purposes, (excepting for the making and repairing of roads and highways, and the building and repairing of bridges,) in said county, without said city, rateably to said county and to the city of Springfield, in proportion to the taxes collected for the county purposes, within said city, and in the county, without said city, and paid into the county treasury by each respectively.   And the surplus of all taxes which may be collected for county purposes, after making the charges to the city and county in the manner herein required, shall be divided between the said city and the said county, in proportion to the amount of taxes collected for county purposes, within said city, and in the county, without said city, and paid into the county treasury by each respectively.   And the county judge of said county, and the mayor of the city of Springfield, shall ascertain the proportion of taxes to be paid to the city of Springfield, under the requirements of this section, and so soon thereafter as the county taxes shall be paid into the county treasury, the treasurer of said county shall pay to the treasurer of the city of Springfield a sum equal to three-fourths of the proportion of said taxes to which the said city may be entitled under the provisions of this section, and the same shall be exclusively expended by said city in improving and repairing the streets, alleys and highways, and in building and repairing of the bridges within the city."

The point made is, that the legislature cannot control the revenue of a county, such revenue being the property of the counties, not to be taken from them without their consent, and to be used and appropriated in such manner only as the County Courts of the respective counties may direct—that to do so, by the legislature, would be a violation of clause seventeen, of article thirteen, and of clause eleven, of the same article, of the constitution of this State.

Clause seventeen forbids the legislature to pass any *ex post*

*facto* law, or law impairing the obligation of contracts; and clause eleven provides, that no *man's* property shall be taken or applied to public use, without the consent of his representatives in the General Assembly, nor without just compensation being made to him.

It is also urged, that as the constitution provides for a County Court, and authorizes it to hold terms for the transaction of county business, and to perform such other duties as the legislature may prescribe, the levying and collecting taxes for county or corporate purposes, and their expenditure to effect such purposes, is peculiarly county business, and as such, is placed by the constitution beyond the control of the legislative department of the government, and for that reason the section in question, being an interference by one department of the government with another, is unconstitutional and void.

The answer to all these objections, is, we think, quite apparent.

The whole purpose of the section quoted, is merely to apportion the public revenue collected in Sangamon county, such parts of it as are collected in the city of Springfield on property there situate, and such portions as are collected in the county, outside of the city limits, between the two corporations. Both are public corporations, created for public purposes alone, and the revenues derived from them are public property, and in no sense affected by the clauses of the constitution to which reference is made. While private corporations are regarded as contracts which the legislature cannot constitutionally impair, as the trustee of the public interests, it has the exclusive and unrestrained control over public corporations; and as it may create, so it may modify or destroy, as public exigency requires, or the public interests demand. *Coles* v. *Madison County*, Breese, 115. Their whole capacities, powers and duties, are derived from the legislature, and subordinate to that power. If then, the legislature can destroy a county, they can destroy any of its parts, and take from it any one of its powers. The revenues of a county are not the property of the county in the sense in which the revenue of a private person or corporation, is regarded. The whole State has an interest in the revenue of a county, and for the public good, the legislature must have the power to direct its application. The power conferred upon a county to raise a revenue by taxation is a political power, and its application, when collected, must necessarily be within the control of the legislature, for political purposes.

This act of the legislature nowhere proposes to take from the county of Sangamon, and give to the city of Springfield, any property belonging to the county, or revenues collected for the

use of the county.    But if it did, it would not be objectionable. But, on the contrary, it proposes alone to appropriate the revenue which may be collected by the county by taxes levied on property both in the city and county, in certain proportions rateably to the city and county.

The County Court is to keep an account of the taxes collected from the county outside of the city, and from the city proper, and charge the expenditures, except for roads and bridges, rateably to the city and county, in proportion to the amount of taxes collected from each, and the surplus thereafter is to be divided between the city and the county in proportion to the amount of taxes collected for county purposes *within the city*, and in the county outside of the city, and paid into the county treasury by the city and county respectively.    When this is done, the county judge and the mayor of the city are to ascertain the proportion of this fund to be paid to the city, and so soon as this is done, the county treasurer must pay to the city treasurer a sum equal to three-fourths of the proportion of the taxes to which the city may be entitled, to be expended by the city in improving and repairing the streets and alleys, and building and repairing bridges within the city.

The city of Springfield is a component part of Sangamon county, and its property taxable in common with that of the county.    Now surely, it cannot be seriously insisted that taxes collected on city property, shall not, by the legislature, be directed to be appropriated for the purposes of the city.    It is neither unjust, nor unfair, that they should be so appropriated. This section amounts to no more than an amendment of the general law requiring the taxes collected for county purposes to be paid into the treasury of the county.    It surely is competent for the legislature to amend that law, and to declare, that after the taxes are so paid, such proportion of them as were collected in a particular township, should be applied to roads and bridges in that township.    We think the power of the legislature over this subject is plenary, and is no interference with any other department of the government, and cannot be assailed as such.

The act when simplified merely declares, that after certain expenditures are allowed the county and city, the surplus of taxes shall be divided between the city and county in proportion to the amount collected from each, to be applied by the city in repairing streets and building and repairing bridges in the city.

We cannot see any difference in principle, between this case and the case of *Richland County* v. *Lawrence County*, 12 Ill. 1.

Independent of any adjudicated case, we cannot perceive, on principle, any defect of power in the legislature to pass this act,

and we therefore award a peremptory mandamus in the first instance, as that is the agreement of the parties, should we recognize the validity of the act in question.

*Peremptory mandamus awarded.*