BOARD OF SUPERVISORS OF WILL COUNTY

*v.*

THE PEOPLE *ex rel.* Commissioners of Highways.

*Filed at Ottawa May 19, 1884.*

1. MANDAMUS—*whether it will lie—as to matters which are discretionary.* Where a statute does not impose an absolute obligation upon a county board to perform a certain act, but clothes it with an ultimate discretion in the matter, or where the statute is merely directory as to the act, and not mandatory, creating an absolute duty, *mandamus* will not lie to compel the board to perform the act.

2. BRIDGES—*duty of county to aid towns in their construction.* - By section 110 of the act of 1879, entitled "Roads and Bridges," an absolute duty is imposed upon counties to aid in the building of bridges by the town authorities, whenever a case is clearly brought within its provisions. This section differs from the law in the act of 1872, in giving the county boards no discretion in the matter of aid, and making the duty imperative.

3. SAME—*constitutionality of act of 1879.* The provisions of section 110 of the Road and Bridge act of 1879, making counties liable to contribute one-half of the expense of town bridges upon certain contingencies, is not in contravention of sections 9 and 10, of article 9, of the constitution, as to what corporate authorities may be invested with the power of taxation.

4. MUNICIPAL TAXATION—*whether for a local corporate purpose.* The raising of money by taxation in towns or counties, in pursuance of a general law of the State, for the purpose of building bridges, maintaining public highways, and for other objects of a similar character, in which the people of the State at large are directly interested, is not the levying of a tax for a strictly local corporate purpose, within the meaning of the constitution. (Art. 9, secs. 9 and 10.)

5. Municipal authorities, in levying taxes for such purposes, are in a large sense mere agencies of the State in carrying into effect general laws which have been enacted for the common good. When thus acting they are but parts of the general machinery of the State and county governments. The rule is different as to the mere private concerns of a municipality in which the people at large have no interest.

6. SAME—*as to the agency of highway commissioners.* While it is true commissioners of highways are corporate bodies, whose powers and jurisdiction are limited, territorially, to their respective towns, yet they are a part of the machinery of the county and State governments, and, as such, under certain contingencies are required to act in concert with the county authorities

proper, in the building and maintaining of bridges within their respective jurisdictions.

7. The commissioners of highways, in a case where the county is required to contribute one-half of the expense of building a bridge, do not levy a tax upon the property of the tax-payers of the county, but they simply determine, in pursuance of the statute, when the contingencies have arisen requiring the county to contribute to the building of a bridge, and ascertain and report to the county board the cost of the structure, one-half of which the law requires them to pay; and in such case it is their duty to levy a tax to raise the required amount.

APPEAL from the Circuit Court of Will county; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. C. W. BROWN, State's Attorney, for the appellants:

In *mandamus*, the relator must show a clear legal right before the court will grant the writ. If the right be doubtful or uncertain, the court will not interfere. *County of St. Clair* v. *People*, 85 Ill. 398; *People* v. *Village of Crotty*, 93 id. 180; *People* v. *Klokke*, 92 id. 134; *People* v. *Davis*, 93 id. 133; *People* v. *Johnson*, 100 id. 537; *Commissioners of Highways* v. *People*, 66 id. 339; *People* v. *Cline*, 63 id. 394; *Lavalle* v. *Soucy*, 96 id. 467.

When the performance of a duty by a public officer is discretionary, and depends upon the exercise of his judgment as to its necessity or propriety, *mandamus* will not be awarded. *County of St. Clair* v. *People*, 85 Ill. 398; *People ex rel.* v. *LaSalle County*, 84 id. 307; *City of Ottawa* v. *People*, 48 id. 254; *People* v. *Williams*, 55 id. 178.

If the act of 1879 gives a discretionary power to the board of supervisors to aid a township in constructing a bridge, then *mandamus* will not lie for the refusal to furnish such aid. If, however, it be mandatory, and the board left without discretion as to the levying of a tax to aid in building a bridge upon petition of the highway commissioners of a town, then it is repugnant to sections 9 and 10, of article 9, of the constitution. These sections are a limitation to the power

of the legislature to impose taxes on corporations, for corporate purposes, without the assent of the corporate authorities, and corporate authorities are those municipal officers who are either directly elected by the people to be taxed, or appointed in some manner to which they have given their assent. *Harwood* v. *St. Clair Drainage Co.* 51 Ill. 130; *People* v. *Salomon,* id. 37; *South Park Commissioners* v. *Common Council,* id. 58; *People* v. *Mayor,* id. 17; *Lovington* v. *Wider,* 53 id. 302; *Hessler* v. *Drainage Commissioners,* id. 105; *People* v. *Canty,* 55 id. 42; *Dunnovan* v. *Green,* 57 id. 69; *Madison County* v. *People,* 58 id. 463; *City of St. Louis* v. *Witts,* 59 id. 156; *Marshall* v. *Silliman,* 61 id. 224; *Lee* v. *Ruggles,* 62 id. 427; *Trustees* v. *People,* 63 id. 297; *Livingston County* v. *Weider,* 64 id. 427; *Decker* v. *Hughes,* 68 id. 44; *Board* v. *Houston,* 71 id. 318; *Sleight* v. *People,* 74 id. 48; *Updike* v. *Wright,* 81 id. 49; *People* v. *McAdams,* 82 id. 356; *Allhands* v. *People,* id. 234; *Hinze* v. *People,* 92 id. 406; *Cornell* v. *People ex rel.* 107 id. 380; *People* v. *Morgan,* 90 id. 566; *Dunham* v. *People,* 96 id. 331; *People* v. *Harper,* 91 id. 368.

Defendants are the corporate authorities of the county of Will,—a municipal corporation. Rev. Stat. chap. 34, sec. 32; Constitution, sec. 12, art. 9; *People* v. *McAdams,* 82 Ill. 359; *Board* v. *Houston,* 71 id. 318.

A corporate purpose, or a tax imposed for a corporate purpose, is one to be expended in a manner which shall promote the general prosperity and welfare of the municipality which levies it. *Johnson* v. *Stark County,* 24 Ill. 88; *Taylor* v. *Thompson,* 42 id. 9; *Railroad Co.* v. *Smith,* 62 id. 277; *Burr* v. *City of Carbondale,* 76 id. 456; *Railroad Co.* v. *Morris,* 84 id. 418.

The commissioners of highways of a township are a municipal corporation, and can only act in a corporate capacity. *Commissioners* v. *Baumgartner,* 41 Ill. 254; *McManus* v. *McDonough,* 107 id. 97.

33—110 ILL.

Mr. G. D. A. PARKS, for the appellees:

The act is clearly mandatory, and the duty enjoined therein may be enforced by *mandamus.* *People ex rel.* v. *Supervisors,* 100 Ill. 640.

The matter of providing suitable highways and bridges is not of merely local interest, but is of public and general concern. Cooley on Taxation, 94, 104, 106, 478; *Norwich* v. *Hampshire County Comrs.* 13 Pick. 61; *Hingham Corporation* v. *Norfolk County,* 6 Allen, 357; *Salem Turnpike* v. *Essex County,* 100 Mass. 283; *Commonwealth* v. *City of Newburyport,* 103 id. 129; *People* v. *Supervisors,* 20 Mich. 95; *Harrison Justices* v. *Holland,* 3 Grant, 247; *Jensen* v. *Supervisors,* 47 Wis. 312; *People* v. *Flagg,* 46 N. Y. 401.

In the carrying out of the system of highways in this State, the counties may be regarded but as convenient local agents for executing the functions of the State government: (Cooley on Taxation, 482.) And as such agencies counties are under the absolute control of the legislature. They may be required to construct roads and bridges by mandatory laws. *Harris* v. *Whiteside County,* 105 Ill. 405; *Symonds* v. *Clay County,* 71 id. 357; *Board of Supervisors* v. *Sangamon County,* 63 id. 66; *Springfield* v. *County Judge,* 25 id. 191; *Dennis* v. *Maynard,* 15 id. 479; Dillon on Mun. Corp. sec. 10, note 1; *Hamilton County* v. *Mighels,* 7 Ohio St. 109; *Town of Fox* v. *Town of Kendall,* 97 Ill. 73; *Freeport* v. *Board of Supervisors,* 41 id. 495.

The fact that the conditions for the operation of the statute may not exist in every county of the State at the same time, does not make it local or special. It is still a law of universal application. *Town of Fox* v. *Town of Kendall,* 97 Ill. 77; *Home Ins. Co.* v. *Swigert,* 104 id. 666.

The fact that the town shall determine when the county shall lend its aid to the building of the bridge, is at least but a question of *means* in reaching a legitimate *end,* and may well be lodged where it is. *Harris* v. *Whiteside County,* 105

Ill. 405; *People* v. *Marshall*, 1 Gilm. 685; *Knickerbocker* v. *People*, 102 Ill. 226; *Railroad Co.* v. *Warrington*, 92 id. 159; *People* v. *Harper*, 91 id. 369.

Messrs. GARNSEY & KNOX, for the appellants, in reply:

Under our constitution the matter of local highways or of State highways, so far as their opening, altering, laying out or maintaining is concerned, is committed to the several localities where they are situated. The legislature can not interfere with them, or impose a burden for their maintenance or building on any community within the State, or authorize other than the corporate authorities of the proper taxing district to do so. (Const. 1870, sec. 22, art. 4.) The constitution is a limitation on the power of the legislature in that regard. (*Jensen* v. *Supervisors*, 47 Wis. 312.) The power to tax the county could not be properly conferred upon the highway commissioners. The entire question presented by appellees is summed up by this court adversely to them, as follows: "Where it is sought to impose burdens upon municipal or *quasi* municipal corporations, to be discharged by revenue raised by taxation on the local constituency, under the constitution the burden can only be imposed by the local corporate authorities." *People* v. *Harper*, 91 Ill. 368.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This appeal brings before us for review a judgment of the circuit court of Will county, awarding a peremptory writ of *mandamus,* commanding the board of supervisors of said county to cause to be levied and collected, upon the taxable property of the county, a tax sufficient to realize therefrom the sum of $9088.50, to aid the commissioners of highways of the town of Wilmington, in said county, to build an iron bridge across Kankakee river, in the city of Wilmington, in said town, said sum being one-half of the estimated cost of said bridge. The petition is in due form, and clearly brings

the case within the provisions of section 110 of the act of
1879, entitled "Roads and Bridges," which is as follows:
"When it shall be necessary to construct or repair any bridge
in any town, or to build a bridge over any stream between
towns, or over streams or roads between towns in the same
county, which would be an unreasonable burden to the same,
the cost of which will be more than can be raised in one year
by ordinary taxes for bridge purposes in such town or one of
such towns, the commissioners of highways of either town
.desiring to build such bridge shall present a petition to the
county board of the county in which such town or towns is
situated, praying for an appropriation from the county treas-
ury, to aid in the building, constructing and repairing of such
bridge; and such county board shall, when one-half the neces-
sary funds have been provided for by the town authorities of
either or both such town or towns, appropriate the other half:
*Provided,* that all unexpended surplus of any appropriation
that may be granted by the county under the provisions of
this section, shall be paid back into the treasury. And all
funds provided to be raised under this section shall be ex-
pended by and under the joint control of the commissioners
of highways of the town asking such aid, and two persons
appointed by the county board of the county granting the
same."

The result of this appeal depends upon the validity and
construction which must be given to the above section of the
statute. No question is made as to the necessity of the bridge,
or as to the fact its cost would be more than could be raised
in one year, by ordinary taxes for bridge purposes, in said
town of Wilmington,—nor, indeed, is any defence of that
character interposed. But the contention of the board of
supervisors is, that notwithstanding the peremptory terms in
which the above section is drawn, it imposes no absolute
obligation upon the county authorities to assist highway com-
missioners in building a bridge; that in all cases of such

application they are clothed with an ultimate discretion, in the exercise of which they are answerable to no one,—or, more shortly put, the contention is, the statute is merely directory, and not mandatory.

Assuming this position to be correct, we agree with counsel for appellants *mandamus* would not lie to compel county authorities to assist in the building of a bridge, in any case. (*The People ex rel.* v. *LaSalle County*, 84 Ill. 307.) We are unable, however, to concur in this view of the subject. We have no doubt the legislature intended, by the section in question, to impose an absolute duty on counties to aid in the building of bridges whenever a case was clearly brought within its provisions, as was done here. If there was any well founded doubt as to the correctness of this construction, it would certainly be removed by comparing the 111th section of the act of 1872, on the same subject, with the section now under consideration, the latter being nothing more than the former section amended. The only substantial difference between the acts of 1872 and 1879, with respect to the present question, is, that by the former the county authorities were simply *authorized* to aid commissioners of highways in building bridges, under circumstances like the present. The whole subject is, by that act, left to the discretion of the board of supervisors. Under the act of 1879 they have no discretion in the premises. The language of the former act is, "*may* make an appropriation," etc., while that of the latter is, "*shall* * * * appropriate," etc. It is thus clear the very object of the amendment was to make the act imperative on the county authorities.

Assuming the section in question to be imperative, as we hold it is, appellants then insist it is in violation of sections 9 and 10, of article 9, of the present constitution, which are as follows:

"Sec. 9. The General Assembly may vest the corporate authorities of cities, towns and villages with power to make

local improvements, by special assessment, or by special taxation of contiguous property, or otherwise. ⌐ For all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.

"Sec. 10. The General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all the taxable property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. Private property shall not be liable to be taken or sold for the payment of the corporate debts of a municipal corporation."

Judging from the space given to this question in the argument, we presume it is mainly relied on for a reversal.

The reasons assigned why this section of the statute conflicts with the above provisions of the constitution are, that it attempts to confer discretionary power of local taxation upon persons other than the corporate authorities of the district to be taxed; that it authorizes the levy of a tax for township purposes on property not subject to the jurisdiction of the authority levying the tax; that the legislature is powerless to grant the right of corporate or local taxation to any other persons than the local authorities elected by the people of the municipality, or appointed in some manner to which they have given their assent, or to impose a debt upon a municipal corporation without its consent. When properly limited, the propositions embodied in the foregoing reasons, in so far as they purport to be propositions of law, may be admitted to be correct. But we do not concur in the application which is sought to be made of them in this case. It is not true, as is assumed by counsel, that the raising of money

by taxation in towns or counties, in pursuance of a general law of the State, for the purpose of building bridges, maintaining public highways, and for other objects of a similar character in which the people of the State at large are directly interested, is the levying of a tax for a strictly local corporate purpose, within the meaning of the constitution, as construed in *Marshall* v. *Silliman,* 61 Ill. 218, and other cases of like character cited in appellants' brief, and hence the authorities in question have no controlling influence in the decision of this case. Municipal authorities, in levying taxes for such purposes, are, in a large sense, mere agencies of the State in carrying into effect general laws which have been enacted for the common good. They are, in fact, when thus acting, but parts of the general machinery of the State and county governments. As to the mere private concerns of a municipality, in which the people at large have no interest, and which are strictly local in their character, of course the rule is different. The distinction here recognized is fully sustained by both reason and authority. (Cooley on Taxation, 478.) The author here says: "Elsewhere in this work the public highways have been spoken of as matters of general concern to the people of the whole State. In a certain sense they are of local concern, because the local organizations construct and support them; but they are constructed for the general benefit and use of all the people, and only turned over to the localities as a matter of apportionment. This being the case, any town, city or county that neglects its duty in this regard may be compelled, by the interference of the State, and on State account, to perform it. This doctrine applies to common highways. Whether it can be extended to exceptional means of passage and transportation, will be considered further on."

While it is true commissioners of highways, in counties under township organization, are corporate bodies, whose powers and jurisdiction are limited territorially to the respective townships to which they belong, yet they are a part of the

machinery of the county and State governments, and as such, under certain contingencies, are required to act in concert with the county authorities proper, in the building and maintaining of bridges within their respective jurisdictions. In certain contingencies, which the law specifies, the supervisors are required to bear one-half of the expense of building bridges. The duty thus imposed on them is just as obligatory as that which requires them to build jails, court houses and the like, and the levying of a tax for one of these objects is just as much for a corporate purpose as it is for the other. In these cases the commissioners of highways do not, as is assumed throughout appellants' arguments, levy a tax upon the property of the tax-payers of the county. They simply determine, in pursuance of the statute, when the contingencies have arisen requiring the county to contribute to the building of a bridge, and ascertain and report to the county authorities the cost of the construction, one-half of which the law itself requires them to pay; and in such case it is their duty to levy a tax to raise the required amount. The commissioners of highways, in discharging the duties which the law has imposed upon them in a case like this, are acting just as much on behalf of the county as of the town, and the county is therefore equally bound to respond for its share of the expense. Such being the law, it follows the whole theory of the defence must fail.

Other objections of minor importance are made in the argument, but we do not think there is any merit in them, or regard them of sufficient importance to require a discussion at our hands.

The judgment will be affirmed.

*Judgment affirmed.*