# Board of Supervisors of Stark Co.
## v.
## The People ex rel., etc.

1. Building bridge—County furnishing aid.—It is not a condition precedent under section 19 of the act of 1883, relating to roads and bridges, that the money should have been provided prior to the action of the board of supervisors, making the conditional order payable only when the town asking aid shall furnish the other half of the required amount.

2. Same.—The commissioners having done all which, under the law, (Act of 1883, § 19) they are required to do to entitle them to the granting of their petition conditionally upon the town asking aid furnishing the other half of the required amount, a writ of mandamus is awarded against the supervisors.

Appeal from the Circuit Court of Stark county; the Hon. T. M. Shaw, Judge, presiding. Opinion filed June 8, 1886.

The relators filed their petition for mandamus against the appellants at the September term, 1885, of the Stark County Circuit Court.

Petition states that relators are the commissioners of highways of said town of Essex; that said town is crossed diagonally by Spoon river, the largest stream in the county, by a circuitous route, thereby requiring bridges over said stream on north and south and east and west roads; that said town is required to and has maintained six bridges and one half of another across said stream, all large and expensive, and that the cost is burdensome to the people, and is nearly double that of other towns in the county, and that said town is justly entitled to county aid.

The petition alleges that it is now, and has been during the past year, necessary for the public interest and convenience that a bridge be built over Spoon river on the highway running north and south through the center of section No. 23 in said town; that such bridge is a public necessity, and that said commissioners have determined to build the same; that they have estimated the cost of said bridge to be $3,200,

which sum is more than twenty cents on $100 valuation of property in said town, on the latest assessment roll, viz., the assessment for the year 1884—the assessment for the year 1855 not having been completed.

This petition further represents that said commissioners levied, for the year 1884, sixty-eight cents on $100 valuation of the taxable property in said town; and that they have levied sixty cents on $100 valuation for the year 1885, and that the greater part of the sum to be obtained by said levy will be needed for the ordinary and necessary repair of roads and bridges; and the petitioners allege that they have raised, by ordinary taxation, and have in their treasury, one half the sum necessary to build such bridge, to wit, $1,600.

The petition states that, after making such estimate, the relators attached thereto their affidavit that such bridge was necessary, and on the 13th day of July, 1885, presented to the said board of supervisors a petition setting forth the above facts, and the necessity of such bridge, and the inability of said town to build the same by ordinary taxation, and attached thereto their affidavit; that such bridge was necessary, and their estimate of the cost of such bridge; that said board of supervisors referred the same to a committee; that action upon the same was postponed from time to time, until on the 15th day of September, 1885, the said committee made report to said board, in open session, and recommended that the prayer of relator's petition be not granted; and that said report was approved and adopted by said board of supervisors.

Wherefore, the relators pray that writ of mandamus may be issued out of said court, commanding said board of supervisors to meet forthwith and appropriate from the county treasury the sum of $1,600 to pay one half the costs of such bridge.

1. The respondents aver and say that petitioners are not entitled to have a writ of mandamus, nor to the aid asked for, by reason of the fact, if it is a fact, that the number and cost of bridges in that town are greater than in other towns in said county, nor for the reason that the cost of maintaining such bridges may be burdensome upon the people.

2.   Defendants say that a bridge across Spoon river at the point designated in said petition is not necessary for the public interest or convenience, and that such bridge is not a public necessity.

3.   Defendants deny that the estimated cost of such bridge, to wit, the sum of $3,200, is more than twenty cents on the $100 valuation of the taxable property in said town, on the last assessment roll of said town, but aver that, on the contrary, said sum is less than ten cents on the $100 valuation of the taxable property in said town in the year 1884 and in the year 1885.

4.   Defendants deny that said commissioners levied sixty-eight cents on the $100 valuation of the taxable property in said town in the year 1884, or that they have levied sixty cents on the $100 valuation of such property in the year 1885, and aver that such levies were made at the rates aforesaid upon less than one third the valuation of taxable property in said town in those years; and the defendants deny that the major part of such levy was, or is, needed for the ordinary repair of roads and bridges in said town, in either of those years.

5.   Defendants deny that said commissioners have furnished one half the amount required to erect such bridge; or that they have made any lawful provision for furnishing the same; or that said commissioners have complied with the law entitling them to county aid to build such bridge; and respondents deny that said commissioners have raised, by ordinary taxation, or that they have in the treasury one half the money estimated to be necessary to build such bridge, to wit, $1,600.

6.   The defendants aver that the estimated cost of such bridge, to wit, the sum of $3,200, is extravagant, and more than is necessary for the erection of a bridge at the place designated in said petition, and that the public convenience and travel do not require so expensive a bridge at that place.

7.   The respondents aver that no valid or legal valuation of the taxable property in said town was made in the year 1884, nor in the year 1885; that the law requires all taxable property to be assessed at its fair cash value, and at such val-

nation a levy of twenty cents on $100 valuation of the taxable property in said town, in either the year 1884 or 1885, would raise a much greater sum than the aforesaid estimate of the cost of such bridge; whereas, the taxable property in said town in both of said years was unlawfully assessed and valued at less than one third its fair cash value, thereby requiring more than three times the rate of taxation to raise the required amount than it would had such property been legally assessed.

Demurrer to 7th clause of defendants' answer.

Pleas to remainder of defendants' answer.

Demurrer was sustained to the 7th clause of respondents' answer. Trial by the court; jury waived ; judgment awarding the writ, from which judgment this appeal is taken.

Mr. B. F. Thompson, for appellants.

Mr. Miles A. Fuller, for appellees.

Welch, J. The proceedings in this case were instituted under section 19 of "An act in regard to roads and bridges in counties under township organization, and to repeal an  ct and parts of acts therein named," approved June 23, 1883, and in force July 1, 1883, the material provisions of which are that where it is necessary to construct or repair a bridge or the approach thereto in any town, the commissioners of highways in such town shall make a careful estimate of the probable costs of the same, and attach thereto their affidavits that it is necessary, and that it will not be made more expensive than is needed for the purposes desired, and they shall file such estimate and affidavit with a petition to the board of supervisors, praying for an appropriation for the one half of the estimated costs of such work. After this has been done they are required to show that the costs of the bridge will be more than twenty cents on the one hundred dollars on the latest assessment roll, and that the levy of the roa  and bridge tax for that year in said town was for the full amount of sixty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which

Board of Supervisors Stark Co. v. The People.

was needed for the ordinary repair of roads and bridges; when this has been shown the county board shall appropriate from the county treasury a sum sufficient to meet one half of the expenses of the said bridge, on condition that the town asking aid shall furnish the other half of the required amount. Under this law the commissioners determine the necessity of the bridge and make estimate of the probable cost of the same, and that it will not be made more expensive than is needed for the purposes desired, and attach thereto their affidavits. They present their petition, with the estimate and affidavit, to the board of supervisors, praying for an appropriation out of the county treasury for a sum equal to one half the expenses of the said bridge, and if they make it to appear that the costs of such bridge will be more than twenty cents on the one hundred dollars on the latest assessment roll, and that the levy of the road and bridge tax for that year in said town was for the full amount of sixty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which was needed for the ordinary repair of roads and bridges, they have done all which, under the law, they are required to do to entitle them to the granting of their petition conditionally upon the town asking aid furnishing the other half of the required amount. There was evidence on the trial of the issues in this case that the bridge over Spoon river at the place described in the petition, "was rotten and unsafe; been condemned all summer; that the commissioners met and condemned it; that it was a wooden bridge, and had been built fifteen or sixteen years; the timbers were rotten and decayed." That it was necessary for the public interest to have a new bridge built there; that the amount of travel on the road was as much as on any other road in the town; that the commissioners had made an estimate of the costs, which was estimated at $3,200; that the costs of the bridge exceeded twenty cents on the $100 valuation of taxable property, as shown by the assessment roll of the last year; that the levy for road and bridge tax for that year was the full sum of sixty cents on each one hundred dollars allowed by law for the

commissioners to raise, and that the major part of it was needed for the ordinary repair of roads and bridges. There is also evidence tending to show that there were, in the treasury of the commissioners, funds sufficient to pay the one half, and set apart for that purpose. In the view we take, the necessity for the bridge and the estimate of its cost is made by the commissioners and evidenced by their affidavits. The facts that must exist and be made to appear to the board of supervisors are as stated *ante*. The difference between this statute and the one of 1879, of which this is an amendment, is obvious. The statute of 1879 required the commissioners to have provided their half of the funds as a condition precedent, and that the supervisors should make an unconditional appropriation of the other half. This statute provides that the appropriation shall be made on condition that the town asking aid shall furnish the other half of the required amount. It is not a condition precedent under this statute that the money should have been provided prior to the action of the board of supervisors, making the conditional order payable only when the town asking aid shall furnish the other half of the required amount. The authorities referred to of The People ex rel v. Supervisors, 100 Ill. 640; Town of New Boston v. Supervisors, 110 Ill. 197; Supervisors v. People, 110 Ill. 511; The Board of Supervisors of Kendall County v. The People ex rel. Commissioners of Highways of Town of Bristol, 12 Bradwell, 210, are all cases decided under the law of 1879, and they each hold that the finding of the commissioners as to the necessity of a bridge would conclude the county board of supervisors ; but upon the question whether a town has raised one half of the necessary funds for completing the proposed wor ≤, the finding of the commissioners would not conclude the county board of supervisors and the courts from inquiring into the existence of such fact. These cases are not authority upon the question as to whether it is a condition precedent that the town asking aid has provided one half of the necessary funds for completing the proposed work prior to the board of supervisors making the order of appropriation of the other half. That was necessary under the

law of 1879, the order of appropriation being absolute and unconditional; but under the present statute the order is made conditionally upon the town furnishing the one half. The order only becomes absolute upon the town furnishing the one half required of it to be furnished. We are of the opinion the relators have shown a clear right to the writ of mandamus, and the judgment of the circuit court is affirmed.

Affirmed.