## THE TOWN OF SOMONAUK

### v.

### THE PEOPLE ex rel. Henry F. Hess et al.

*Opinion filed March 18, 1899.*

1. TOWNSHIP ORGANIZATION—*power to divide towns.*  Power to divide towns under township organization is delegated to .county boards by section 1 of article 3 of the Township Organization act, (Laws of 1895, p. 319,) subject to conditions named.

2. SAME—*if petition for division is sufficient county board must act.*  Under section 1 of the Township Organization act of 1895 the county board is bound to grant the prayer of a petition to divide an unincorporated town if the petition is sufficient and all the statutory requirements as to notice, territory, etc., are satisfied, and may be compelled to do so by *mandamus,* in case of refusal.

3. SAME—*county board's action on petition is not discretionary.*  The action to be taken by the county board upon a petition to divide a town does not involve the question whether, in the judgment of the board, the proposed change will be of convenience to the inhabitants of the affected territory.

4. SAME—*petition to divide town need not allege that proposed change will be beneficial.*  A petition to the county board to divide a town need not allege that the proposed change will subserve the convenience of the inhabitants of the old town or the new one.

5. SAME—*petition to divide town need not aver sufficiency of signatures.*  A petition to the county board to divide a town need not aver that the names of three-fourths of the voters in the territory of the proposed new town are appended thereto, as that matter is a preliminary fact to be determined by the board as affecting its jurisdiction to act.

6. MANDAMUS—*ministerial acts of county board may be controlled by mandamus.*  The determination by the county board as to whether a petition to divide a town is signed by the requisite number of voters, and whether the statutory requirements as to territory, etc., are satisfied, is a ministerial act, which may be reviewed or controlled by *mandamus.*

7. SAME—*when allegation of notice in petition for mandamus is sufficient.*  A petition for *mandamus* to compel the county board to grant the prayer of a petition to divide a town is *prima facie* sufficient, in its allegations of notice, to show that the board had jurisdiction to act, which avers that the board gave more than sixty days' notice of their meeting, by posting notices in five of the most public places in the town to be divided, and published such notice three times in a newspaper published there.

Writ of Error to the Circuit Court of DeKalb county; the Hon. George W. Brown, Judge, presiding.

The board of supervisors of the county of DeKalb denied the prayer of a petition presented to it asking a new town be created out of territory to be disconnected from the town of Somonauk, an existing town under the township organization system, in that county. A petition in the name of the People of the State of Illinois, *ex rel.* Henry F. Hess, was filed in the circuit court in and for the said county of DeKalb, praying that a writ. of *mandamus* .issue out of said court directed to and commanding said board of supervisors of said county to grant the prayer of the said petition and to create such new town. The board of supervisors, respondent to the petition for writ of *mandamus*, interposed a demurrer thereto. The demurrer was overruled. The respondent board declined to plead further but abided the demurrer, and judgment was entered awarding a peremptory writ of *mandamus* in accordance with the prayer of the petition of the said relator, Hess. This is a writ of error sued out of this court at the instance of the town of Somonauk, to bring in review in this court the judgment so entered against the board of supervisors by the said circuit court.

N. J. Aldrich, and Theodore Worcester, for plaintiff in error:

The office of the writ of *mandamus* is, in general, to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals, to compel them to act where it is their duty to act, but never to require them to decide in a particular manner. *People* v. *Dental Examiners,* 110 Ill. 180.

Where a subordinate body is vested with power to determine a question of fact the duty is judicial, and although it can be compelled by *mandamus* to determine the fact it cannot be directed to decide it in a particular

way, however clearly it may be made to appear what the decision ought to be.   *People* v. *Common Council,* 78 N. Y. 33; *Oneida Common Pleas* v. *People,* 18 Wend. 92; *Freeman* v. *Selectmen,* 34 Conn. 406; High on Ex. Legal Rem. sec. 42.

*Mandamus* will not lie to control the discretion of any court, board or officer when the act complained of is either judicial or *quasi* judicial in its nature.   The inferior tribunal may be compelled to act in such case if it unreasonably neglects or refuses so to do, but if it does act, the propriety of its action, however erroneous, cannot be questioned or controlled by *mandamus.*   *State* v. *Wood County Court,* 33 W. Va. 589.

The writ will issue to compel the performance of none but an absolute duty,—not of a duty which is discretionary, and dependent upon judgment as to necessity or propriety.   *People* v. *McConnell,* 146 Ill. 522; *Board of Auditors* v. *People,* 38 Ill. App. 239; *People* v. *Highway Comrs.* 53 id. 442.

It is incumbent upon the person seeking the extraordinary aid of *mandamus* to set up in his petition or application to the court for the writ all facts specifically, which, if true, would be necessary to entitle him to the relief sought.   High on Ex. Legal Rem. sec. 450; *People* v. *Elgin,* 66 Ill. 507; *Hall* v. *People,* 57 id. 307.

CARNES & DUNTON, and ALSCHULER & MURPHY, for defendant in error Henry F. Hess:

Townships are political divisions, wholly the creations of statute, and the legislature may, at its pleasure, create, enlarge, divide, change or destroy them.   *Coles* v. *Madison County,* Breese, 154; *People* v. *Powers,* 25 Ill. 169; *Wilson* v. *Board of Trustees,* 133 id. 443.

Where proper petition is presented to a board of supervisors for division of a township it is the duty of the board to make the desired division.   In such case they have no discretion, and if they refuse to comply with the prayer *mandamus* will lie to compel them to act.   *Henry* v. *Taylor,* 57 Iowa, 72.

Where a duty is imposed on supervisors by statute, and they do not conform to the statute, *mandamus* will issue to compel them. 14 Am. & Eng. Ency. of Law, 203.

A discretion to find preliminary facts is not such a discretion as bars *mandamus. People* v. *Macon County,* 19 Ill. App. 268.

In case of an abuse of a discretionary power it is admissible that the exercise of the power shall be controlled by *mandamus. Brokaw* v. *Highway Comrs.* 130 Ill. 482; *Dental Examiners* v. *People,* 123 id. 227; *People* v. *Comrs. of Cook County,* 176 id. 576.

Mr. Justice Boggs delivered the opinion of the court:

Towns under the township organization system are political subdivisions of counties. The power to create, enlarge, divide or destroy them rests primarily in the General Assembly, (*Coles* v. *County of Madison,* Breese, 154; *People ex rel.* v. *Power,* 25 Ill. 187; *Wilson* v. *Board of Trustees,* 133 id. 443;) subject, however, to the constitutional requirement such power shall be exercised by statutes having general and uniform operation. (Const. 1870, par. 22, art. 4; *People ex rel.* v. *Martin, ante,* p. 611.) The legislature does not exercise this power directly, but has adopted the policy of enacting statutes vesting the governing body,—the board of supervisors,—of the counties, respectively, with authority to exercise it, subject to the directions, regulations and restrictions specified in the enabling enactment. The authority possessed in this regard by the board of supervisors of DeKalb county at the time the petition in question was presented and acted upon by that body is expressed in section 1 of article 3 of the Township Organization act. (Hurd's Stat. 1897, p. 1593.) The section is as follows:

"The county board of each county shall have full and complete power and jurisdiction to alter the boundaries of towns, to change town lines and to divide, enlarge and create new towns in their respective counties to suit the

convenience of the inhabitants residing therein; and it shall be the duty of the county board to make such alterations of the town boundaries and create a new town whenever, in any territory of not less than ten square miles, not less than three-fourths of the voters residing in such territory shall petition for such new town: *Provided, however*, the county board shall give notice thereof by posting up notices in not less than five of the most public places of the town interested, at least sixty days before their final action; also by publishing such notice at least three times in some newspaper published in the county wherein said towns are situated, if any shall be published therein: *Provided, further*, that no incorporated town shall be divided except consent thereto is given by a majority of all the electors in said town,—notice that the question of dividing said town will be submitted to the legal voters thereof having been given by the county clerk at the same time and in the same manner as the notice of said general election."

The proceeding does not involve the division of an incorporated town, hence the provisions of the second proviso to the section need not be adverted to.

It is urged the end to be secured by the creation of a new town under the provisions of this section is the convenience of the inhabitants thereof, and that the determination of that question involves the exercise of the discretion and judgment of the board of supervisors, and the well known rule that while *mandamus* will lie to compel action on the part of officers vested with discretionary power it cannot be availed of to require them to decide or exercise their discretion in a particular manner, is relied upon in support of the insistence the demurrer to the petition for *mandamus* should have been sustained. The section of the statute which we have quoted grants to the board of supervisors full and complete power and jurisdiction to alter the boundaries of towns or create a new town, whenever, in their judgment, the convenience

of the inhabitants of the town or towns to be affected demands such course should be taken. The board, if its judgment so dictates, may take such action of its own motion, and in such case the courts would not interfere, by the writ of *mandamus*, to control or dictate the judgment or decision of the board, unless it should appear the discretionary power had been exercised with such manifest injustice as to amount to an abuse of discretion. But it is manifest from the consideration of the entire section it was not the legislative intent to clothe the board, by delegation, with absolute and uncontrolled power to decline to act except upon its own motion. The section provides it shall be the duty of the board to take action and create a new town whenever, in any territory of not less than ten square miles, three-fourths of the voters residing in such territory shall petition the board to so create a new town. The language employed is explicit and unambiguous, and we can conceive of no reason why this provision of the section should not be regarded as mandatory. Where such a petition is presented, the law, in express terms, charges it upon the board as a duty to entertain the petition and to grant the prayer thereof if the statutory requirements are fulfilled. The action to be finally taken upon such a petition by the board does not involve the question whether, in the judgment of the board, the proposed change will conduce to the convenience of the inhabitants of the territory to be affected. The theory of the statute is, the desire of three-fourths of the legal voters of the territory to be made a new town, manifested by a petition, is to be accepted as a better indication than the judgment of the board as to what will best "suit the convenience" of the inhabitants of the territory. This construction gives effect to the letter of the law and tends to the accomplishment of the primary object of the system of township organization, which is to bring local affairs under the immediate control and direction of the people. When

such a petition is presented the board is not authorized to consider whether it is wise or unwise, or whether it is for the convenience of the people of the territory to create the proposed new town. The only functions of the board are to determine, before taking action, whether the petition bears the signatures of the necessary number of qualified petitioners; that the territory to be erected into a new town is of the requisite area; that the disconnection thereof does not reduce the area of the dismembered town below the statutory requirement; to give the notices required by the statute that the petition is pending before it for action, and to grant the prayer of the petition if the requirements of the statute have been observed and fulfilled. The controlling principles here applied are illustrated in expressions of this court in opinions rendered in the cases of *Board of Supervisors* v. *People ex rel.* 110 Ill. 511, *Trustees of Schools* v. *People ex rel.* 121 id. 552, and *Whittaker* v. *Village of Venice*, 150 id. 195.

Nor is it necessary the petition presented to the board should contain an allegation the convenience of the inhabitants of the town of Somonauk or of the proposed new town would be subserved by the creation of the new town. No such requirement is found in the statute, and compliance with the statute is all that is required.

Nor is the objection tenable the petition is insufficient because it does not contain an averment the names of three-fourths of the voters residing in the territory of the proposed new town are appended thereto. Such an averment could not be truthfully made by any petitioner except the one whose signature would complete the requisite number and those who might afterwards sign,—a consideration which demonstrates the groundless character of the objection. That the requisite number of voters had joined in the petition is a preliminary fact for the determination of the board as affecting its jurisdiction to act. The petition for *mandamus* contained allegations of fact from which it would appear the petition to the board

bore the signatures of the requisite number of voters, and also distinct affirmative averments to same effect. Transcripts of the record of the proceedings of the board, which were attached to the petition as exhibits thereto, disclosed that a committee, composed of members of the board appointed by the board for the purpose, verified the authenticity of the signatures of legal voters to the petition and ascertained the number thereof, and also the number of legal voters residing in the territory of the proposed new town, and made report thereof to the board, and it thus further appeared the names of three-fourths of said voters were subscribed to the petition. The determination of this preliminary fact, though it involved the exercise of judgment on the part of the board and its members, was but a finding as to the existence of a fact necessary to be known to the board itself in order to determine whether a state of case existed calling upon it to act. Acts of that character are ministerial—not judicial—in nature, and, if necessary, their determination, or the action taken upon them, may be reviewed and controlled by the writ of *mandamus*. Merrill on Mandamus, sec. 44; 19 Am. & Eng. Ency. of Law, 479.

There is no force in the objection the petition for *mandamus* does not sufficiently aver that notice of the filing and pendency of the petition before the board of supervisors was given as required by the statute. The averments in this respect are as follows: "Your petitioners further show that said county board gave more than sixty days' notice by posting up notices in five of the most public places in said township of Somonauk, also by publishing such notices three times in the *Somonauk Reveille*, a newspaper published in said town of Somonauk, that said board would take final action on said petition at their next regular meeting, to be held on the second Tuesday of September, 1897." It was the official statutory duty of the respondent to the petition,—the party in whose behalf the demurrer was presented,—to give

the notices required by the statute before taking any final action on the petition. The presumption obtains the respondent board performed its official duty. It appeared from the petition and the exhibits thereto the respondent board determined the petition upon its merits, after according to all persons interested therein opportunity to be heard,—a course which is consistent only with the presumption it had performed all that which the statute required it should do before taking such final action. Whether such notice was given, and the manner in which it was given, rested in the knowledge of the respondent board of supervisors and consisted of its acts. These presumptions, and the circumstances mentioned, justified the circuit court in regarding the allegations of the petition, though not full and specific in the detail of facts connected with the giving of notice under the statute, as sufficient *prima facie* to show the respondent board had jurisdiction to take final action upon the petition.

No grounds for reversal other than such as we have referred to appear in the argument of counsel.

The circuit court properly overruled the demurrer, and its judgment awarding a peremptory writ of *mandamus* is correct and is affirmed.      *Judgment affirmed.*