The People of the State of Illinois ex rel. Monroe Seals et al., Appellee, v. Louis Henderson, Town Clerk, Appellant.

1. INTOXICATING LIQUORS, § 6*—what petition for submission of local option question need not state. A petition to have placed upon a ballot the proposition whether a town shall become anti-saloon territory need not state on its face that the signers thereof are equal in number to not less than one-fourth of the total number of votes cast in the town at the last election held therein.

2. INTOXICATING LIQUORS, § 6*—how correctness of addresses of signers of petition for submission of local option question cannot be determined. The correctness of the addresses of signers of a petition to have placed upon an election ballot the proposition whether a town shall become anti-saloon territory cannot be determined on a demurrer to the petition for a mandamus to compel the clerk to place such proposition on the ballot.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

HILL & BULLINGTON, for appellant; NEELEY, GALLIMORE, COOK & POTTER, of counsel.

J. EARL MAJOR and LANE, DRYER & BROWN, for appellee; W. B. EBBERT, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

A petition for a peremptory writ of mandamus to compel the town clerk of the Town of Greshem in Montgomery county to submit to vote and to print on the ballot for the town election in that town to be held on April 6, 1915, the proposition "shall this town become anti-saloon territory," was filed in the Circuit Court of that county on March 29th, 1915. A general and special demurrer filed to the petition by the respondent was overruled by the court. The respondent elected to stand by his demurrer and the writ of mandamus was awarded as prayed.

But two questions are urged here against the sufficiency of the petition:

"1.   The petition on its face does not state that the signers thereon are equal in number to not less than one-fourth of the total votes cast in said town at the last election therein.

"2.   The residence address of the respective signers to the petition does not appear opposite the signatures, as the statute requires."

Section 4 of that part of chapter 43 known as the Local Option Law (J. & A. ¶ 4640), provides not only what the petition to have the question of whether certain political divisions shall become anti-saloon territory submitted to vote, shall contain, but provides that it shall be substantially in the form there given. There is nothing in that section which requires that

the petition on its face shall show that the signers thereon are equal in number to not less than one-fourth of the total votes cast in the territory at the last election. Section 2 of that Act (J. & A. ¶ 4638) provides that such petition shall contain that proportion of such votes, but whether such petition contains the requisite number must be determined from a count of the signers by the clerk. It is manifestly impossible for any signer when he signs a petition to know how many others will sign it, and unless when he does sign it there are then on it signatures in number not less than one-fourth of the total vote cast in such political subdivision at the last election, he would certify to a falsehood if he said there was. *Town of Somonauk v. People,* 178 Ill. 631. There is nothing in *People v. Dillon,* 266 Ill. 272, in conflict with the *Somonauk* case, *supra.*

We have examined the petitions as they appear in the record with reference to the objection that the addresses of the signers do not appear opposite their signatures, and find that in each instance an address is given opposite the signature. There is nothing in the petition or in the record before us to indicate that such addresses are not correct. The petition seems to be in substantial conformity to the requirements of the statute in the respect referred to.

We are unable to see how the question of the correctness of the several addresses referred to can be determined on demurrer.

Appellee has assigned for cross-error that the court erred in allowing appellant to take this appeal. In view of the fact that we feel impelled to affirm the judgment of the Circuit Court on the merits, it is unnecessary to determine the question of respondent's right to appeal. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*